Dear Ms. Stott:
We received your request for an opinion on behalf of LaSalle Parish Recreation District 22 regarding the use of funds which are the proceeds of a parish ad valorem tax. LaSalle Parish Recreation District 22 is a political subdivision of the state of Louisiana created pursuant to La.R.S. 33:4562. The District has specific authority to incur debt, issue bonds and levy taxes. LaSalle Recreation District 22 levied a 3.27 mills tax on all property subject to taxation within the district for a 10 year period beginning in 1994 for the purpose of equipping, maintaining, and operating the recreation facilities for the district.
According to the information provided in your request, the District serves the northern portion of LaSalle Parish which includes the Towns of Olla and Urania. The District annually disbursed $4,000.00 from the tax proceeds to the Town of Urania. In 1995, the recreation facility in the Town of Urania closed and likewise, the disbursements to the town stopped. The Town of Urania now requests that the District resume the disbursements so that the recreation facility and programs may be reinstituted.
Your request must be addressed in light of Article 6, Section26(B) of the Louisiana Constitution of 1974 which specifically provides as follows:
 When the millage increase is for other than general purposes, the proposition shall state that specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in affect. All proceeds of the tax shall be used for the purpose or purposes set forth in the proposition. (Emphasis added)
The proposition concerning the tax for the LaSalle Parish Recreation District 22 expressly provides that the tax is for the purpose of equipping, maintaining, and operating recreation facilities for the district.
La.R.S. 39:704 further provides as follows:
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used. (Emphasis added)
Thus, there is no question that the proceeds of a special tax must be used exclusively for the purpose for which the tax was levied. In this instance, the proceeds of the tax must be used for equipping, maintaining, and operating the recreation facilities within the District. The Town of Urania is within the District and the funds will be used to equip and maintain a recreation facility. Accordingly, it is our opinion that LaSalle Parish Recreation District 22 may forward a portion of the tax proceeds to the Town of Urania for the exclusive use of equipping, maintaining and operating its recreation facility. The funds may not be used for any other purpose.
You also question if the District is obligated to forward proceeds for those years that the facility was closed. Again, the proceeds of the tax may only be used for equipping, maintaining, and operating a recreational facility. During the years that the Town of Urania's recreational facility was closed, there was no facility to equip, maintain, or operate. It is our understanding that there are no available proceeds from prior years. Therefore, the District is not obligated, by any means, to forward proceeds for those past years that the facility was closed.
We trust this adequately responds to your request. If you have any questions or comments, please contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt